UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                Plaintiff,

        -against-

UNITED STATES POSTAL SERVICE;
POSTMASTER GENERAL LOUIS DEJOY,

                Defendants.

1:25-CV-9790 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Amari J. Moody, of Dacula, Georgia, filed this action *pro se* seeking immediate injunctive relief by way of a temporary restraining order ("TRO"), other injunctive relief, and unspecified declaratory relief. He sues the United States Postal Service ("USPS") and former Postmaster General Louis DeJoy. Plaintiff's claims arise from the USPS's alleged failure to forward his mail, including orders issued by this court with respect to Plaintiff's other civil litigation in this court, to his Dacula, Georgia, mailing address, and its delivering of that mail, instead, to Plaintiff's previous mailing address in New York, New York, despite his multiple submissions of change-of-address notices.[1] Plaintiff invokes 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Due Process Clause of the Fifth Amendment, "[f]ederal common law of court access," and "[f]ederal postal regulations requiring adherence to [c]hange of [a]ddress orders." (ECF 1, at 2.) In his complaint, he asks the Court to: (1) "Order USPS to honor and enforce Plaintiff's current [Dacula, Georgia,] address"; (2) "[p]rohibit USPS from forwarding, redirecting, or altering routing of any federal court correspondence"; (3) "[i]dentify and remove any phantom or outdated forwarding orders

---

[1] Plaintiff has consented to electronic service of court document in this action. (ECF 6.)

associated with Plaintiff"; (4) "[r]equire USPS to provide written confirmation of corrected routing"; (5) "[s]uspend all automatic or 'system-generated' USPS forwarding activity affecting Plaintiff"; and (6) "[o]rder USPS to deliver ALL mail directly to Plaintiff without exception until further Court order." (*Id.* at 4-5.)

Plaintiff thereafter filed supplements to his complaint seeking additional injunctive relief with regard to the delivery of mail to his Dacula, Georgia, address. (ECF 4, 7.) Plaintiff also thereafter filed notices and a motion seeking an update as to the status of this action relative to the relief sought. (ECF 8, 9, 10.) He further thereafter moved for reassignment, "supervisory intervention," and to "compel adjudication." (ECF 11, 12, 13, 14.) In addition, Plaintiff has filed submissions that appear to indicate that he has sought or plans to seek *mandamus* relief from the United States Court for Appeals for the Second Circuit. (ECF 15, 16.)

By order dated December 15, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action and denies all pending motions and requests, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint and supplements:[2] In 2024, and twice in 2025, Plaintiff filed change-of-address notices with the USPS indicating that he had changed his mailing address to his current mailing address in Dacula, Georgia. Despite this, and despite Plaintiff's continued additional efforts to make sure that his mail would be forwarded and delivered to his Dacula, Georgia, mailing address, the USPS has continued delivering Plaintiff's

---

[2] The Court quotes from these submissions verbatim. All spelling, grammar, and punctuation are as in the original submissions unless noted otherwise.

mail to his previous mailing address in New York, New York. This includes mail sent from this court and addressed to Plaintiff, at his Dacula, Georgia, mailing address, that was then incorrectly forwarded to Plaintiff's previous New York, New York, mailing address, with an incorrect indication that Plaintiff's "forwarding order had expired." (ECF 1, at 3.)

The USPS has refused to correct its error, despite Plaintiff's efforts to have it corrected, including his seeking assistance from members of Congress. Plaintiff alleges that, with respect to his civil litigation in this court, he has suffered "actual prejudice" in the form of "[m]issed deadlines," "[d]elayed access to court orders," "[r]isk of dismissal," and the "[i]nability to reliably receive litigation materials." (*Id.*)

In his supplements to his complaint, Plaintiff asserts that he received unsigned letters, at his Dacula, Georgia, mailing address, from the United States Postal Inspection Service's Criminal Investigations Service Center indicating that his matter "would be best handled by" the USPS's Consumer Affairs Southern Area, in Atlanta, Georgia. (ECF 4, at 1; ECF 7-1, at 1-2.) In one supplement, Plaintiff alleges that "[n]early all [of his] mail [is] being intercepted at the New York . . . address and [is] only reaching [him] after being returned to sender," "[e]ssential legal mail [is] never reaching [him] unless rerouted through improper channels," and that the USPS and its investigatory arms have failed "to correct, explain, or intervene in the breakdown of mail delivery." (ECF 4, at 2.) Plaintiff has attached to one of his supplements a December 16, 2025 order issued by Magistrate Judge Barbara Moses of this court, in one of Plaintiff's other *pro se* actions in this court, *Moody v. Starbucks Corp*, 1:25-CV-8739 (PAE) (BCM), in which Magistrate Judge Moses noted that documents with respect to that action that had been mailed by the Clerk of Court to Plaintiff, at his Dacula, Georgia, mailing address had been returned as undeliverable; that Plaintiff had been aware, since November 24, 2025, that court documents

mailed to that address were being returned to the court as undeliverable; and that Plaintiff had declined to consent to electronic service of court documents in that action.[3] (ECF 7-2, at 1; ECF 1:27-CV-8739, 20.) Magistrate Judge Moses also noted that Plaintiff had not made any alternative arrangements for receiving mail, such as arranging for delivery to a post office box, but had instead filed the present action. (*Id.*) Magistrate Judge Moses directed Plaintiff to provide the court with a valid mailing address by December 30, 2025.[4] (*Id.*)

## DISCUSSION

Plaintiff's claims cannot proceed under 42 U.S.C. § 1983 because the defendants are a federal entity, the USPS, and a former Postmaster General; neither of the defendants are state actors. *See Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("This court has long construed the phrase 'under color of state law' as used in related civil rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors, not federal officials."). His claims under Title II of the ADA also cannot proceed against these defendants because "Title II of the ADA is not applicable to the federal government." *Collins v. Sovereign Bank*, 482 F. Supp. 2d 235, 239 (D. Conn. 2007) (citing *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000)). Accordingly, the Court construes Plaintiff's complaint and supplements as asserting federal claims for injunctive and declaratory relief regarding the manner and quality of the mail service that Plaintiff has received and continues to receive from the USPS. For the reasons discussed below, however, the Court must dismiss these claims for lack of subject matter jurisdiction. In addition, the Court construes Plaintiff's complaint and supplements as asserting claims of disability discrimination

---

[3] The Court notes that Plaintiff filed a consent to electronic service of court documents in that pending action on December 17, 2025. (ECF 1:25-CV-8739, 26.)

[4] While Plaintiff has since consented to electronic service of court documents in that action, his address of record in that action is his Dacula, Georgia, mailing address.

regarding such mail service, in which Plaintiff also seeks injunctive and declaratory relief. The

Court understands such claims as brought against the USPS, and against former Postmaster

General DeJoy, in his official capacity, under the Rehabilitation Act of 1973. The Court

dismisses these claims for the reasons set forth below, for failure to state a claim on which relief

may be granted, but with leave to replead.

Following the evaluation of these claims, the Court will address Plaintiff's motions and

requests seeking a TRO and what the Court understands to be the recusal of the undersigned.

**A.      Claims about the manner and quality of mail service**

The Court must dismiss Plaintiff's claims regarding the manner and quality of the mail

service that he has received and continues to receive from the USPS because this court lacks

subject matter jurisdiction to consider these claims. With respect to mail-service issues, Congress

has made clear, in 39 U.S.C. § 3662, that members of the public who wish to assert a grievance

about mail service may do so by filing an administrative complaint with the Postal Regulatory

Commission ("PRC") (formerly known as the Postal Rate Commission). *See* 39 U.S.C.

§ 3662(a). Courts within this Circuit have repeatedly held that filing an administrative complaint

with the PRC is "the sole remedy for a user of postal services who is not receiving adequate

service or service equal to that furnished to others" and that "there is no federal district court

subject matter jurisdiction over actions against the [PRC] to review its rulings or compel it to

follow its own regulations." *Shelby Res., Inc. v. USPS*, 619 F. Supp. 1546, 1549-50 (S.D.N.Y.

1985) (Brieant, D.J.); *see Suazo Urena v. USPS*, No. 1:25-CV-1167 (LLS), 2025 WL 1475496, at

*2 n.1 (S.D.N.Y. May 21, 2025) ("Plaintiffs' complaints about their mail service may be directed

to the . . . [PRC, which] has exclusive jurisdiction over service complaints involving the

USPS."); *McIver v. Postal Inspector Gen.*, No. 1:24-CV-9095 (LTS), 2025 WL 1127171, at *2

n.2 (S.D.N.Y. Apr. 14, 2025) (same); *Nat'l Post Office Collaborative v. Donahoe*, No. 3:13-CV-

1406, 2013 WL 5818901, at *3 (D. Conn. Oct. 28, 2013) (quoting *LeMay v. USPS*, 450 F.3d 797, 799-800 (8th Cir. 2006)); *Nolen v. USPS*, 5:11-CV-0114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *see also LeMay*, 450 F.3d at 800 ("Congress gave meaning to this intention by placing within the [USPS] the means to redress a disaffected party's concerns about postal rates and services. Unhappy postal patrons were given recourse to the PRC. . . . This specific designation is contrasted with the District Courts' otherwise general jurisdiction. . . . Congress intended to remove consideration of postal service complaints from the courts altogether."); *Bovard v. United States Post Office*, 47 F.3d 1178 (10th Cir. 1995) (unpublished table opinion) ("The language of [S]ection 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the [PRC], and that Congress did not intend to create a private right of action for service complaints. Accordingly, the district court was without jurisdiction to review this claim." (citations omitted)).

If a person is dissatisfied with the decision of the PRC as to their administrative complaint about mail service, they may seek judicial review of that decision only in the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Nat'l Post Office Collaborative v. Donahoe*, No. 3:13-CV-1406, 2014 WL 4544094, at *4 (D. Conn. Sept. 12, 2014) ("Appeals of PRC decisions may be taken exclusively to the United States Court of Appeals for the District of Columbia." (citing § 3663)); *Shelby Res. Inc.*, 619 F. Supp. at 1549-50 ("[A] fair reading of the statute suggests that all such efforts to review decision[s] or orders of the [PRC] are within the original subject matter jurisdiction of the Court of Appeals.").

Accordingly, because this court is not permitted to consider Plaintiff's claims as to the manner and quality of the mail service that he has received and continues to receive from the

USPS, the Court dismisses such claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Claims under the Rehabilitation Act**

To the extent that Plaintiff asserts claims of disability discrimination regarding the mail service that he has received and continues to receive from the USPS, the Court understands such claims as brought under the Rehabilitation Act. Under this statute:

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the [USPS].

29 U.S.C. § 794(a).[5]

To state a claim of disability discrimination under the Rehabilitation Act, the plaintiff must allege that: (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). In the non-employment context, the "remedies for violations of . . . the Rehabilitation Act are coextensive with the remedies in a private cause of action brought under Title VI of the Civil Rights Act of 1964," *Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *see* 29 U.S.C.

---

[5] For the purposes of the Rehabilitation Act, the term "individual with a disability" incorporates by reference the definition of "disability" in the ADA. 29 U.S.C. § 705(20)(B). Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C).

§794a(a)(2), which include injunctive relief, *see Doherty v. Bice*, 101 F. 4th 169, 174 (2d Cir. 2024)*, cert. denied*, 145 S. Ct. 381 (2024).

Plaintiff, in many of his submissions, asserts that he is disabled (ECF 1, at 4; ECF 11, at 2; ECF 12, at 2; ECF 13, at 3; ECF 15, at 2; ECF 16, at 2), but in none of these submissions does he: (1) describe his disability, or (2) demonstrate how the actions of the USPS have denied him the opportunity to participate in or benefit from its services, programs, or activities, or how the USPS has otherwise discriminated against him, *by reason of his disability*. The Court therefore dismisses Plaintiff's claims of disability discrimination under the Rehabilitation Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims under the Rehabilitation Act in an amended complaint in which he alleges facts sufficient to state a claim of non-employment associated disability discrimination under that statute.

## C.    Temporary Restraining Order

The Court denies Plaintiff's request for a TRO because of the deficiencies discussed above. To obtain immediate injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his claims or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because of the abovementioned deficiencies with respect to his claims, Plaintiff does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's request for a TRO.

**D.    Recusal**

The Court understands that Plaintiff is seeking the undersigned's recusal from this action. (ECF 11, 12, 13, 14.) The Court must deny Plaintiff's motions and requests for recusal. This action has been reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under that statute, before an IFP action can proceed further, the district court must determine whether the action shall be dismissed: (1) as frivolous or malicious, (2) for failure to state a claim on which relief may be granted, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* §1915(e)(2)(B)(i)-(iii); *Johnson v. Law Offices of Jennifer S. Adams*, No. 1:19-CV-6272 (LLS), 2019 WL 3080851, at *2 n.3 (S.D.N.Y. July 15, 2019) ("When a plaintiff proceeds IFP, before issuing a summons for any defendant, the Court must screen the complaint and dismiss claims that are frivolous, malicious, or fail to state a claim."), *appeal dismissed as frivolous*, No. 19-2235, 2019 WL 7602345 (2d Cir. Oct. 23, 2019). In addition, the district court is obligated to examine, *at any time*, whether it has subject matter jurisdiction to consider the claims asserted in an action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

10

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, "[u]nder the statute, recusal is required in specific contexts not relevant here as provided for in [28 U.S.C § 455(b)] and also wherever, an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (internal quotation marks and citation omitted).

The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by a plaintiff where the judge had ruled against him on all of his previous motions). In addition, "[i]f an adverse ruling is not cause for recusal, . . . it follows logically that the court's failure to rule on [an] . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal." *Sanders v. WB Kirby Hill, LLC*, No. 16-CV-4596, 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019); *see Gakuba v. James*, No. 1:24-CV-8313 (LTS), 2025 WL 1826507, at *4 (S.D.N.Y. July 2, 2025) (denying the plaintiff's motions for recusal complaining about "the amount of time that it has taken for the Court to issue a substantive order in this action and the Court's failure to grant Plaintiff the relief he believes he is entitled to when he believes he is entitled to it"), *appeal dismissed as frivolous*, No. 25-1661, 2025 WL 3960198 (2d Cir. Oct. 31, 2025).

11

As in *Gakuba*, to the extent that Plaintiff seeks the undersigned's recusal from this action, it seems that he seeks such relief because of the amount of time that it has taken for the Court to screen this action under the IFP statute and because of the Court's apparent failure to grant him the relief he seeks. Those arguments alone are not grounds for recusal. Accordingly, and because Plaintiff makes no showing of the undersigned's personal bias or prejudice against him, the Court denies Plaintiff's motions and his requests for the recusal of the undersigned. (ECF 11, 12, 13, 14.)

**E.      Leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Because Plaintiff may be able to allege additional facts to state a claim of non-employment associated disability discrimination under the Rehabilitation Act, the Court grants him 30 days' leave to replead such claims in an amended complaint in which he alleges such facts. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order, *see* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead his claims

of non-employment associated disability discrimination under the Rehabilitation Act in an amended complaint, as specified above.

The Court denies Plaintiff's request for a temporary restraining order and his motions and requests for the recusal of the undersigned. The Court also denies all other pending motions and requests.

The Court directs the Clerk of Court to terminate all pending motions on the court's electronic docket of this action. (ECF 9, 11, 12, 13, 14.)

The Court does not address any of Plaintiff's requests for *mandamus* relief (ECF 15, 16) as they are not addressed to this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 9, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

13