UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

UNITED STATES POSTAL SERVICE; POSTMASTER GENERAL LOUIS DEJOY,

Defendants.

1:25-CV-9790 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on February 9, 2026, the Court dismissed this *pro se* action, but granted Plaintiff 30 days' leave to replead his claims of non-employment associated disability discrimination under the Rehabilitation Act ("RA") in an amended complaint, as specified by that order. *Mood v. USPS*, No. 1:25-CV-9790 (LTS), 2026 WL 353611 (S.D.N.Y. Feb. 9, 2026) (ECF 17). The Court construed Plaintiff's original complaint and supplements "as asserting federal claims for injunctive and declaratory relief regarding the manner and quality of the mail service that Plaintiff has received and continues to receive from the" United States Postal Service ("USPS."). *Id.* at *3. The Court also construed Plaintiff's original complaint and supplements "as asserting claims of disability discrimination regarding such mail service, in which Plaintiff also seeks injunctive and declaratory relief . . . . against the USPS, and against former Postmaster General DeJoy, in his official capacity, under the" RA. *Id.*

In that order, the Court dismissed, for lack of subject matter jurisdiction, Plaintiff's claims for injunctive and declaratory relief regarding the manner and quality of the mail service that Plaintiff has received and continues to receive from the USPS. *Id.* at *3-4. The Court also dismissed, for failure to state a claim on which relief may be granted, Plaintiff's claims of disability discrimination construed as brought under the RA regarding the mail service that he

has received and continues to receive from the USPS. *Id.* at *4. Because of Plaintiff's *pro se* status, however, the Court granted Plaintiff leave to replead his claims of disability discrimination under the RA in an amended complaint to be filed within 30 days. *Id.* at *4, 6. Because of the deficiencies with respect to his claims, the Court denied Plaintiff's request for a temporary restraining order ("TRO"). *Id.* at *4-5. The Court also denied Plaintiff's request for the recusal of the undersigned. *Id.* at *6. The Court specified that, "[i]f Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in [that] order." *Id.*

On that same date, February 9, 2026, Plaintiff filed the following submissions: (1) a "Notice of Federal Access Violations, Systemic Mail Interception, and Required Corrective Action" (ECF 18); (2) a "Rule 60(b)(4) Motion to Declare Non-Action Void" (ECF 19); (3) a "Motion to Compel Proper Emergency Review" (ECF 20); (4) a "Notice Regarding Voidness of the February 9, 2026 Order under Rule 60(b)(4), Rule 65(b), and Structural Defect Principles" (ECF 21); (5) a "Notice of Judicial Incapacity, Structural Defects, and Non-Functional Adjudication Under 28 U.S.C. §§ 455 & 137" (ECF 22); (6) a "Notice Regarding Failure of SDNY and the Second Circuit to Intervene Following Plaintiff's Petitions for Writs of Mandamus" (ECF 23); and (7) a "Notice of Failure to Adjudicate Emergency Filings, Docket Defects, and Structural Impediments to Rule 65 Review" (ECF 24).

On March 20, 2026, Plaintiff filed a notice of appeal.[1] (ECF 26.) On March 23, 2026, Plaintiff filed a "Consolidated Notice of Documented Defects, Void Orders, and Preserved Objections Pursuant to Fed. R. Civ. P. 60(b)(4), 60(d)(3), 65." (ECF 25.)

---

[1] Plaintiff's appeal of the Court's February 9, 2026 order was an appeal of *all* of that order, including the Court's denial of Plaintiff's requests for injunctive relief. (ECF 26.) Thus, at least with respect to the Court's denial of that relief, it appears that Plaintiff filed a timely notice

On April 17, 2026, Plaintiff filed the following submissions: (1) a "Renewed Emergency Motion for Preservation and Injunctive Relief" (ECF 27); (2) a "Motion to Compel Administrative, Procedural, and Structural Compliance" (ECF 28); and (3) a "Consolidated Notice of CA2 Docketing Defects, Deprivation of Appellate Access, and Motion to Compel Transmission Confirmation" (ECF 29).

In an order dated March 13, 2026, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's *mandamus* action that he had commenced in that court with respect to this action on January 29, 2026; that dismissal was made effective April 3, 2026. *Moody v. USPS*, 26-205 (2d Cir. Mar. 13, 2026) (dismissed for failure to pay fees to bring that action or apply for *in forma pauperis* ("IFP") status to proceed in that action). In an order dated April 10, 2026, the Second Circuit dismissed Plaintiff's appeal of the Court's February 9, 2026 order; that dismissal was made effective May 1, 2026. *Moody v. USPS*, No. 26-718 (2d Cir. Apr. 10, 2026) (appeal dismissed due to failure to pay fees to appeal or move for IFP status on appeal).

Accordingly, the Court liberally construes all of Plaintiff's submissions filed on February 9, 2026, and thereafter (not including his notice of appeal), as challenging the Court's February 9, 2026 order, and therefore, as one motion seeking reconsideration relief from that non-final order, under Local Civil Rule 6.3. *See Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) ("It is well established that a district court's order dismissing a complaint with leave to amend is not final . . . . [T]he district court erred each time in considering plaintiff's motions to have been made under [Rule 60(b) of the Federal Rules of Civil Procedure], since that section of the rule relates only to the reconsideration of final judgments and orders."); *Campos v. Zuntag*, No. 15-

of an interlocutory appeal, under 28 U.S.C. § 1292(a)(1), on March 20, 2026, within 60 days of the entry of the Court's February 9, 2026 order. *See* Fed. R. App. 4(a)(1)(B), *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 400-01 (2d Cir. 2000).

CV-3816, 2016 WL 1441322, at *2 n.2 (E.D.N.Y. Apr. 8, 2016) (the plaintiff "may not seek reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), which govern amendment of a judgment and relief from final orders, respectively, because the Court's Order dismissing [the] complaint with leave to amend was not a final order . . . and judgment has not yet entered in this case"), *appeal dismissed*, No. 16-1414 (2d Cir. Dec. 2, 2016) (effective Dec. 27, 2016); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms," including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons discussed below, the Court denies such relief and directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's February 9, 2026 order.

## DISCUSSION

### A. Reconsideration relief under Local Civil Rule 6.3

A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (Marrero, D.J.). The standard governing relief sought under Local Civil Rule 6.3 and relief sought under Rule 59(e) of the Federal Rules of Civil Procedure is the same. *Id.* at 508. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (Sprizzo, D.J.); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Lynch, D.J.) ("[A] motion for reconsideration is not an invitation to parties to treat the

court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Plaintiff has failed to demonstrate that this Court has overlooked any controlling decisions or factual matters previously presented to this Court with respect to its decision to dismiss this action *sua sponte* for the reasons set forth in the Court's February 9, 2026 order. Accordingly, the Court denies Plaintiff reconsideration relief under Local Civil Rule 6.3.

**B. The Court directs entry of judgment**

While Plaintiff has unsuccessfully sought *mandamus* relief, interlocutory appeal relief, and now reconsideration relief with respect to this action, he has never filed an amended complaint in response to the Court's February 9, 2026 order, or sought an extension of time to file an amended complaint. The 30-day period in which to file an amended complaint, in response to that order, has passed, even allowing Plaintiff an additional 30-days following the dismissal of his abovementioned appeal. Thus, it does not appear that Plaintiff can or will provide additional allegations in an amended complaint that will lead to a different result. Accordingly, the Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's February 9, 2026 order. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result); *see also Osuagwu v. Home Point Fin. Corp.*, No. 22-1403, 2023 WL 3335315, at *3 (2d Cir. May 10, 2023) (summary order) (noting in an affirmance that, "[b]y the time it issued its . . . order dismissing the complaint, the District Court had already granted [the plaintiff] leave to amend his federal claim. Instead of amending his federal claim, however, [the plaintiff] filed a motion for leave to amend his entire complaint . . . . Later that month, . . . the District Court

dismissed [the plaintiff's] complaint with prejudice because he failed to replead his federal claim . . . . [The plaintiff] was given the chance to amend his federal claim but failed to do so."); *Roosevelt Road Re, Ltd. v. Subin*, No. 24-CV-5033, 2025 WL 3049937, at *4 (E.D.N.Y. Sept. 16, 2025) (dismissing action after finding, "on reconsideration of its prior order granting leave to amend, . . . that any further amendment would be futile and prejudicial" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), *aff'd*, No. 25-2560, 2026 WL 2108399 (2d Cir. July 22, 2026) (summary order).

**CONCLUSION**

The Court construes all of Plaintiff's submissions filed on February 9, 2026, and thereafter, with the exception of Plaintiff's notice of appeal, as one motion seeking reconsideration relief from the Court's February 9, 2026 order, under Local Civil Rule 6.3. (ECF 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29.) For the reasons set forth in this order, the Court denies that relief. Accordingly, the Court directs the Clerk of Court to terminate ECF 19, 20, 27, and 28.

For the reasons discussed in this order, the Court also directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's February 9, 2026 order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 4, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge